UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEROME H. RANDOLPH                                    CIVIL ACTION

VERSUS                                                NO. 21-382-SDD-RLB

DEPARTMENT OF THE NAVY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 13, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEROME H. RANDOLPH | CIVIL ACTION |
| VERSUS | NO. 21-382-SDD-RLB |
| DEPARTMENT OF THE NAVY | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant, the United States of America on behalf of the Department of the Navy, Board for Correction of Naval Records' ("BNCR") Motion to Dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 12). The motion is opposed. (R. Doc. 13). BNCR filed a reply. (R. Doc. 14). For the following reasons, the Court recommends that the BCNR's Motion to Dismiss be **GRANTED**, and the above-captioned action be dismissed.

**I.     Background**

The background of Plaintiff's naval career is succinctly set forth in *Randolph v. United States (Randolph I)*, 129 Fed. Cl. 301, 303 (2016). In summary, Plaintiff served as naval officer from June 2000 until 2011. In 2009, Plaintiff was accused of sexually assaulting a naval recruit. *Id*. Plaintiff initially denied having sexual relations with the recruit during the Navy's investigation, but a forensic examiner found evidence contradicting Plaintiff's denial. *Id*. As a result, Plaintiff was charged with three violations of the Uniform Code of Military Justice ("UCMJ"), including Article 107 (making a false official statement), Article 133 (conduct unbecoming of an officer and gentleman), and Article 120 (rape and carnal knowledge). *Id.* at 304. Plaintiff entered a pre-trial agreement (the "Plea Agreement") in which he agreed to plead

guilty to violating Articles 107 and 133 and not guilty to the charge of rape under Article 120. (R. Doc. 4-1 at 6-7). The Plea Agreement provides, in pertinent part:

> I understand and agree that, in return for my pleas of guilty, and following the military judge's acceptance of my pleas as set forth below, the convening authority will withdraw the language and charge and specification to which I have pled not guilty. After announcement of the sentence by the military judge, the withdrawn language and charge and specification will be dismissed by the convening authority with prejudice.

(R. Doc. 4-1 at 6).

Thereafter, the court-martial convicted Plaintiff of violating Articles 107 and 133, sentenced him to confinement for twenty-four months, and dismissed him from the Navy. *Randolph I*, 129 Fed. Cl. at 304.

The United States Navy-Marine Corps Court of Criminal Appeal affirmed the court-martial's finding and sentence in July 2010. *Randolph v. United States (Randolph II)*, 695 Fed. Appx. 561, 562 (2017). In October 2010, the United States Court of Appeals for the Armed Forces denied Plaintiff's petition for review. As a result, Plaintiff was dishonorably discharged in May 2011. *Id.* Thereafter, Plaintiff "filed multiple petitions with the [BCNR] seeking multiple forms of relief. The BCNR denied all of these petitions."[1]

First, in *Randolph I*, Plaintiff filed suit in the Court of Federal Claims on October 20, 2016 against the United States seeking "review and reversal of the decision of [BCNR] not to upgrade his discharge status to honorable," "back pay, applicable promotions and retirement associated with the corrected discharge," "expungement of his court-martial conviction[,] and damages against the Government for defamation." *Randolph I,* 129 Fed. Cl. at 303. The Court of

---

[1] The Court grants BCNR's request to take judicial notice of the rulings in Plaintiff's previous cases filed in the Federal Claims Court, the Federal Circuit, the Eastern District of Virginia, and this Court. (R. Doc. 12-1 at 3); *Chevron Oronite Co., L.L.C. v. Jacobs Field Services North America, Inc.,* 952 F.3d 219, 236 (5th Cir. 2020) (stating that a district court may take judicial notice of the record in prior related proceedings) (internal citations quotations marks omitted). The Court hereby takes judicial notice of other litigation commenced and prosecuted by the plaintiff.

Federal Claims held that (1) the BCNR's decision not to upgrade Plaintiff's discharge status to honorable "was reasonable and supported by ample evidence, including [Plaintiff's] own guilty pleas;" (2) it lacked jurisdiction to review Plaintiff's court-martial conviction and authorize expungement of same; and (3) it lacked jurisdiction over claims sounding in tort. *Id.* at 305-07.

Plaintiff appealed the Court of Federal Claims' ruling on his claim for back pay, upgraded discharge status, and expungement of his court-martial conviction. *Randolph II,* 695 Fed. Appx. at 563. The Federal Circuit concluded that Plaintiff's appeal was without merit. *Id.* at 564. In so holding, the Federal Circuit explained that court-martial judgments are not subject to collateral attacks by federal civil courts absent constitutional grounds. *Id.*

Next, Plaintiff filed suit in the Eastern District of Virginia, again seeking review of the BCNR's decision. (R. Doc. 12-4 at 1). *Randolph v. Dep't Navy (Randolph III),* No. 18-CV-869-CMH-JFA (E.D. Va. Oct. 29, 2018).[2] The court ruled that the doctrine of res judicata barred further litigation on Plaintiff's request to upgrade his discharge characterization to honorable and award him back pay, promotions, and retirement because the Court of Federal Claims already issued a final judgment on the issues. (R. Doc. 12-4 at 3). It further held that it lacked subject matter jurisdiction over Plaintiff's request for expungement of his general court-martial conviction. (R. Doc. 12-4 at 4). The court reasoned that Article III courts may only review collateral attacks (and not direct review) on court-martial determinations. (R. Doc. 12-4 at 4). Plaintiff did not assert "any fundamental defect in the court-martial determination due to constitutional, statutory, or military regulatory violations." (R. Doc. 12-4 at 4). Therefore, the Court lacked jurisdiction over Plaintiff's request.

---

[2] Order, *Randolph v. Dep't Navy (Randolph III),* No. 18-CV-869-CMH-JFA (E.D. Va. Oct. 29, 2018) is attached as Exhibit "C" to BCNR's Motion to Dismiss.

Thereafter, Plaintiff filed suit in this Court against Defendants on May 26, 2020. *Randolph v. Dep't of the Navy, Bd. for Correction of Naval Recs. (Randolph IV)*, No. CV 20-318-SDD-SDJ, 2021 WL 4484559 (M.D. La. Sept. 7, 2021), *report and recommendation adopted*, No. CV 20-318-SDD-SDJ, 2021 WL 4483064 (M.D. La. Sept. 29, 2021). Plaintiff, for a third time, requested (1) that his discharge status be upgraded; (2) an award of back pay and applicable promotions; and (3) that the record of his General Court Martial be expunged. *Randolph IV,* 2021 WL 4484559, at *2. "Plaintiff also briefly mention[ed] defamation and an unspecified 6th Amendment claim." *Id.* This Court held that (1) Plaintiff's request for back pay and to upgrade his dishonorable discharge status was barred by res judicata; (2) it lacks jurisdiction to expunge the record of Plaintiff's General Court martial; and (3) BCNR is immune from Plaintiff's defamation claim. *Id.* at *3.

Plaintiff initiated this action on July 2, 2021, by filing a Complaint and Motion for Trial against BCNR. (R. Doc. 1). Interestingly, Plaintiff initiated the instant matter ***prior*** to the issuance of this Court's report and recommendation in *Randolph IV*. (R. Doc. 4). Yet again, Plaintiff seeks (1) an upgrade in discharge, (2) all pay and allowances and all applicable entitlements, (3) monetary damages for defamation and lost wages resulting from same, and (4) an expungement of his criminal record. He further asserts that BCNR breached the Plea Agreement because his background report "clearly shows 'CHARGE I UCMJ Article 120-RAPE." (R. Doc. 6 at 2).

Essentially, Plaintiff has taken at least five bites at the judicial apple, with two bites occurring in this Court. In each instance, Plaintiff has sought nearly the exact same relief, based on the same set of facts. Likewise, the courts in each matter have made similar (if not identical)

determinations. This Court is no outlier. The undersigned, therefore, reiterates (as more thoroughly discussed below) the prior decision of this Court. *Id.*

## II. Law and Analysis

### A. Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) seeks dismissal of a complaint for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

Here, BCNR argues (1) that Plaintiff's request for upgrade of his discharge and for all pay, allowances, and entitlements associate with same are barred by res judicata; and (2) that sovereign immunity bars the Court from exercising jurisdiction of Plaintiff's defamation and breach of contract claims.

#### 1. Res Judicata

A claim is barred by res judicata when the following elements are met: (1) a final judgment previously issued on the merits by a court of competent jurisdiction; (2) privity; and (3) the same cause of action must be present in both suits. *See Comer v. Murphy Oil USA,* 718 F.3d 460, 467 (5th Cir. 2013).

As already twice determined, by this Court (which issued a dismissal with prejudice) and the Eastern District of Virginia, Plaintiff's request for upgrade of his discharge and all pay, allowances, and entitlements associated with same are both barred by res judicata. First, the Federal Claims Court has already issued a final judgment on the merits of each issue. Second, the same parties are present. Finally, Plaintiff's request for back pay and an upgrade of his dishonorable discharge are identical to the claims asserted before the Federal Claims Court.

The Court must also dismiss Plaintiff's request for expungement. The Supreme Court is clear that military law "is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Schlesinger v. Councilman,* 420 U.S. 738, 746 (1975) (citing *Burns v. Wilson,* 346 U.S. 137, 140 (1953); *Parker v. Levy,* 417 U.S. 733, 744 (1974)). This Court is without authority to exercise "appellate jurisdiction to supervise the administration of criminal justice in the military." *Schlesinger,* at 746. Further, Congress has not conferred this Court with jurisdiction to review court-martial determinations. *Id.* (internal citations and quotation marks omitted). Accordingly, "when a serviceman with crimes by military authority can show no harm other than that attendant to resolution of his case in the military court system, the federal district courts must refrain from intervention." *Id.* at 758.

### 2. Sovereign Immunity

Next, BCNR argues that sovereign immunity bars the Court from exercising jurisdiction of Plaintiff's defamation and breach of contract claims. Particularly, BCNR contends that "the United States has not waived sovereign immunity for defamation claims," and Plaintiff's breach of contract claim does not invoke Tucker Act jurisdiction. (R. Doc. 12-1 at 7, 10).

"In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver sovereign immunity." *Lewis v. Hunt,* 492 F.3d 565, 570 (5th

Cir. 2007). A waiver of immunity "must be unequivocally expressed in statutory text…and will not be implied." *Id.* (internal quotations and citations omitted). "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Id.* at 571. The absence of such waiver deprives the court of subject matter jurisdiction. *Bodin v. Washington,* 462 F.3d 481, 484 (5th Cir. 2006).

As previously stated by this Court, the United States has not waived its sovereign immunity for defamation claims. *Randolph IV,* 2021 WL 4484559, at *3 ("And while the United States has waived its sovereign immunity for most claims sounding in tort, it has not done so for defamations claims."). Accordingly, Plaintiff's defamation claim must be dismissed for lack of subject matter jurisdiction.

Finally, Plaintiff asserts that BCNR breached the Plea Agreement because his rape charge still appears on his criminal background report. BCNR argues that the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim because it does not invoke Tucker Act jurisdiction. (R. Doc. 12-1 at 10). According to BCNR, the Tucker Act does not cover plea agreements which "are entirely concerned with the conduct of parties in a criminal case, without a clear, unmistakable statement triggering monetary liability." (R. Doc. 12-1 at 10).

The Court agrees. In short, the Tucker Act grants federal jurisdiction over claims against the United States that are founded upon any express or implied contract with the United States. *See* 28 U.S.C.§ 1346(a)(2). Federal District Courts, however, will only have jurisdiction over breach of contract disputes brought against the government, if the plaintiff alleges damages under $10,000. *Id.* When a plaintiff seeks a judgment over $10,000, the Court of Federal Claims has exclusive jurisdiction. *See Wilkerson v. U.S.,* 67 F.3d 112 (5th Cir. 1995).

In *Kania v. United States,* the Court of Claims explained that a plea agreement might create Tucker Act jurisdiction, but the court must "look for specifical authority in the [United States Naval Defense Counsel] to make an agreement obligating the United States to pay money and spelling out how in such a case the liability of the United States is to be determined." 650 F.2d 264, 268 (Ct. Cl. 1981). This has been interpreted to mean that "a claim for money damages for the alleged breach of such an agreement may not be maintained unless that agreement *clearly and unmistakably subjects the government to monetary liability* for any breach." *Sanders v. United States,* 252 F.3d 1329, 1334-35 (Fed. Cir. 2001) (emphasis added).

The Pretrial Agreement in this case is completely bereft any term providing for money damages. (*See generally* R. Doc. 4-1). Accordingly, Plaintiff's breach of contract claim fails to meet Tucker Act jurisdiction because the government has not unequivocally expressed its consent to be sued for monetary damages in the Plea Agreement.

Because the Court lacks subject matter jurisdiction over Plaintiff's defamation and breach of contract claims, it need not address BCNR's alternative arguments under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the BCNR's Motion to Dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure (R. Doc. 12), be **GRANTED** and this matter be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on July 13, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**